UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BASEL OTTLEY,

                Plaintiff,                                <u>MEMORANDUM AND ORDER</u>
                                                       20-CV-2861 (RPK) (LB)

      -against-

CITY OF NEW YORK and POLICE OFFICER
JOHN DOE, of the 63rd Precinct,

                Defendants.
----------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Basel Ottley, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983

against a police officer and the City of New York regarding an alleged assault by the officer.

*See* Compl. at 3, 5 (Dkt. #2). Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

*See* IFP Application (Dkt. #1). That request is granted, but the City of New York is dismissed as

a defendant under the screening procedures in 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

BACKGROUND

      Plaintiff alleges that he was assaulted by a police officer in 2019 after plaintiff fell asleep

at a red light while driving. Compl. at 5. His complaint relies on information allegedly conveyed

to him by his passenger. *Ibid.* According to the complaint, plaintiff's passenger told him that,

after plaintiff fell asleep, the police officer—whose identity plaintiff does not know—"busted the

driver's side window" with a "blunt object," and "violently pulled [plaintiff] out [of] the vehicle."

*Ibid.* The officer allegedly proceeded to assault plaintiff while plaintiff was "already on the ground

and not resisting or fighting back." *Ibid.* Other officers allegedly "jumped in to help" the

defendant officer assault plaintiff. *Ibid.* Plaintiff claims that he woke up in a hospital having

sustained a number of injuries, including a gash under his left eye—leaving a permanent scar—

and glass in his eyelid. *Ibid.*

Plaintiff has named as defendants both the officer—identified in the complaint as "Police Officer John Doe of the 63rd Precinct"— and the City of New York. *Ibid.* He asserts that the City is liable for his injuries because it "manages and oversees defendant police officer John Doe" and it "created the policy and procedures that trained defendant John Doe to break driver's side car windows of a car stopped at a red light." *Ibid.* Plaintiff seeks compensatory and punitive damages, as well as plastic surgery for the scar on his face. *Id.* at 7.

DISCUSSION

I.    Standard of Review

When an incarcerated person files a civil suit seeking redress from a governmental entity or from government officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A district court is similarly obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At issue here is whether plaintiff has stated a claim against the City of New York.

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations

2

must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

When a court applies these standards to a *pro se* litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

II.   <u>Municipal Liability</u>

Plaintiff brings this action under 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotations omitted). A municipality such as the City of New York can be liable under § 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60 (citations omitted).

A plaintiff who seeks to hold a municipality liable under § 1983 must "plead and prove three elements": (i) the existence of "an official policy or custom," that (ii) "causes the plaintiff to be subjected to," (iii) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). A

3

plaintiff can establish a municipal policy by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, . . . practices so persistent and widespread as to practically have the force of law . . . [or,] [i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights." *Connick*, 563 U.S. at 61 (citations omitted); *see Hu v. City of New York*, 927 F.3d 81, 105-06 (2d Cir. 2019). But a "mere assertion" that "a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers*, 890 F.3d 386, 403-04 (2d Cir. 2018) (quoting another source).

Here, plaintiff's assertion that the city "manages and oversees" the John Doe police officer, *see* Compl. at 5, does not state a claim against the City.  The City cannot be vicariously liable for the officer's actions simply because it manages and oversees police officers.  Nor does plaintiff's conclusory allegation that the City "created the policy and procedures that trained defendant John Doe to break driver's side car windows of a car stopped at a red light," *ibid.*, adequately state a claim that the John Doe police officer assaulted plaintiff in accordance with official municipal policy, *see Corley v. Vance*, 365 F. Supp. 3d 407, 449-50 (S.D.N.Y. 2019) (finding that the plaintiff failed to state a claim of municipal liability where allegation of official policy lacked "factual detail"), *aff'd*, 811 Fed. Appx. 62 (2d Cir. 2020); *Betts v. Shearman*, No. 12 Civ. 3195 (JPO), 2013 WL 311124, at *16 (S.D.N.Y. Jan. 24, 2013) (collecting cases), *aff'd*, 751 F.3d 78 (2d Cir. 2014). Plaintiff provides no facts that even circumstantially suggest the existence of a formal policy directing officers to break windows of cars stopped at red lights or that otherwise suggest the John Doe police officer's alleged misconduct was related to the actions of policymakers.  Moreover, the single incident of assertedly unconstitutional activity alleged in this case cannot suffice to demonstrate a consistent practice that constitutes a custom or usage.  *See Hu*, 927 F.3d at 106

(finding that four allegations of unfair sanctions did not amount to allegation of "widespread, persistent, or otherwise manifest behavior.")  Because plaintiff has not adequately pleaded the existence of a municipal policy related to his case, plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim upon which relief can be granted.

III.   <u>Identifying the John Doe Defendant</u>

The United States Marshals Service will not be able to serve the John Doe defendant without further identifying information.  Accordingly, the Court requests that Corporation Counsel for the City of New York ascertain the full name of the police officer who allegedly pulled plaintiff out of his vehicle on the date provided in the complaint.  *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam).  The Court also requests that Corporation Counsel provide the address where the John Doe defendant can currently be served.  This information should be provided to the Court within 45 days from the date of this Order.  Once the John Doe defendant has been identified, plaintiff's complaint shall be deemed amended to reflect the full name of the John Doe defendant, and a summons shall issue.  While Administrative Order No. 2020-19-1 suspends the United States Marshal's service of process during the current national coronavirus emergency, the United States Marshals Service shall serve the John Doe defendant when it is safe to do so.

CONCLUSION

The City of New York is dismissed as a defendant without prejudice to amend. No summons shall issue as to the City defendant.  This case shall proceed against the John Doe defendant.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


     */s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge


Dated: August 12, 2020
      Brooklyn, New York