UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BASEL OTTLEY,

                Plaintiff,                          **MEMORANDUM AND ORDER**

         v.                               20-CV-2861 (RPK) (LB)

GIANCARLO PROIETTI,

                Defendant.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Basel Ottley brings this action against Police Officer Giancarlo Proietti, raising

claims for excessive force and false arrest under 42 U.S.C. § 1983.  Officer Proietti has filed a

motion for summary judgment.  For the reasons stated below, Officer Proietti's motion is granted.

### BACKGROUND

       The following facts are taken from Officer Proietti's Rule 56.1 Statement and relevant

portions of the record and are undisputed.

       On February 17, 2019, at approximately 5:30 a.m., Officer Proietti and Officer Sergio

Martins conducted a traffic stop of a car occupied by Ottley.  Def.'s R. 56.1 Statement ¶¶ 1, 4 (Dkt.

#32) ("Def.'s Statement"); Decl. of Inna Shapovalova, Proietti Video, Ex. B 00:20-00:30 (Dkt.

#31-3) (video timestamp) ("Proietti Video").  At the time the officers approached the car, it was

several car lengths from a traffic light.  Def.'s Statement ¶ 1; Proietti Video 00:20-00:24.  The key

was in the ignition, and the car was running—but Ottley was unconscious in the driver's seat.

Def.'s Statement ¶¶ 2, 5; Proietti Video 00:25-00:35.  Passenger Chris Heckstall was in the

backseat of the car, also unconscious.  Def.'s Statement ¶ 3; Proietti Video 00:25-00:35.  The

officers "knocked on the driver's side window several times."  Def.'s Statement ¶ 6; Proietti Video

00:35-00:45.

"After approximately eight seconds, the car started to move forward towards the intersection."  Def.'s Statement ¶ 7; Proietti Video 00:35-00:43.  The officers "ran alongside, knocked on the car, and screamed" at Ottley "to put the car in park."  Def.'s Statement ¶ 7; Proietti Video 00:43-01:05.  As the car rolled toward the intersection, Officer Proietti broke the driver's side window with his police baton.  Def.'s Statement ¶ 8; Proietti Video 01:05-01:08.  Officer Martins then jumped into the moving car, pulled the emergency brake, and placed the car in park.  Def.'s Statement ¶ 9; Proietti Video 01:05-01:08.

With the car in park, the officers ordered Ottley to exit the car twelve times.  Def.'s Statement ¶ 10.  Ottley did not comply.  *Ibid.*

Instead, Ottley reached for the emergency brake, evidently attempting to disengage it and put the car in drive.  Def.'s Statement ¶ 11; Proietti Video 01:08-01:51.  So "Officer Proietti opened the driver's side door, pulled [Ottley] from the car, and handcuffed him."  Def.'s Statement ¶ 11; Proietti Video 01:35-02:20.  As Ottley was removed from the car and handcuffed, the passenger, Heckstall, remained unconscious in the backseat.  Def.'s Statement ¶ 13; Proietti Video 01:35-2:20.

For about two and a half minutes, Ottley lay face down on the ground.  Def.'s Statement ¶ 12; Proietti Video 02:20-04:57.  Officers then helped Ottley to his feet and took him to an ambulance.  Def.'s Statement ¶ 14; Proietti Video 04:57-11:09.

Ottley "admitted to Officer Proietti that he consumed a drink of Hennessy and cranberry juice prior to driving that evening."  Def.'s Statement ¶ 15.  He has since stated that he has no recollection of the incident from the time he was stopped before the traffic light to the time he received medical attention inside the ambulance.  *Id.* at ¶ 18.

The ambulance transported Ottley to Kings County Hospital.  Def.'s Statement ¶ 19; Decl. of Inna Shapovalova, Prehospital Care Report, Ex. E 2 (ECF Pagination) (Dkt. #31-6) ("Ambulance Record").  An EMT in the ambulance noted that Ottley had an abrasion on the left side of his face but that there was no indication of other injuries.  Def.'s Statement ¶ 20; Ambulance Record 3-4.  Ottley was treated at the hospital for a laceration to the left cheek.  Def.'s Statement ¶ 21; Decl. of Inna Shapovalova, Kings Cnty. Medical Records for February 17, 2019, Ex. F 6-7 (ECF Pagination) (Dkt. #31-7) ("ER Record").

Ottley was arrested on charges of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs.  Def.'s Statement ¶ 17; Decl. of Inna Shapovalova, Arrest Report, Ex. D (Dkt. #31-5).  He was arraigned in Kings County Criminal Court for these charges, as well as a charge of Failure to Obey a Traffic Control Signal.  Def.'s Statement ¶ 22; Decl. of Inna Shapovalova, Kings Cnty. Criminal Court Compl., Ex. G (Dkt. #31-8).

Ultimately, Ottley pleaded guilty to Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs.  Def.'s Statement ¶ 23; Decl. of Inna Shapovalova, Kings Cnty. Criminal Court Cert. of Disposition, Ex. H (Dkt. #31-9) ("Cert. of Disposition").

In 2019, Ottley filed this lawsuit raising claims of excessive force against the City of New York and a John Doe police officer.  *See* Compl. (Dkt. #1).  His complaint alleged excessive force when an officer (1) broke the car's window; (2) pulled him out of the vehicle; and (3) continued to assault him when he was on the ground and incapacitated.  *See* Compl. 3 (ECF Pagination).

Ottley's claims against the City of New York were dismissed, s*ee* Mem. & Order 3-5 (Dkt. #7), and Officer Proietti has been added to the lawsuit as the defendant NYPD officer, *see* Order dated Nov. 10, 2020 (Dkt. #11).

Officer Proietti has now moved for summary judgment.  *See* Mot. for Summ. J. (Dkt. #29).

Ottley has not filed a brief opposing Officer Proietti's motion.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of

fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR*

*Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  "A fact is material if it

might affect the outcome of the suit under governing law."  *Ibid.*  The movant bears the burden of

"demonstrat[ing] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Where "the burden of persuasion at trial would be on the non-moving

party," the movant "may satisfy his burden of production" either "(1) by submitting evidence that

negates an essential element of the non-moving party's claim, or (2) by demonstrating that the

non-moving party's evidence is insufficient to establish an essential element of the non-moving

party's claim."  *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017)

(citation omitted).

In assessing the record, courts consider cited "depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . ., admissions, [and] interrogatory answers[.]"

Fed. R. Civ. P. 56(c)(1)(A).  Courts view "the evidence in the light most favorable to the

nonmoving party and draw all reasonable inferences in that party's favor."  *Tracy v. Freshwater*,

623 F.3d 90, 95 (2d Cir. 2010).  "It is a settled rule that credibility assessments, choices between

conflicting versions of the events, and the weighing of evidence are matters for the jury, not for

the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir.

2006) (citation, internal quotation marks, and alterations omitted).

"A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to

conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. New York*

*City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31

n.1 (2d Cir. 1998)).  But "[t]he local rule does not absolve the party seeking summary judgment

of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1

statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the

record." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (internal quotation marks

omitted) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)).

## DISCUSSION

For the reasons stated below, Officer Proietti is entitled to summary judgment.

### I.      Excessive Force

Officer Proietti's use of force was objectively reasonable as a matter of law.  Whether

officers used excessive force depends on whether the use of force was "'objectively reasonable'

in light of the facts and circumstances confronting" them. *Graham v. Connor*, 490 U.S. 386, 397

(1989) (quoting *Scott v. United States*, 436 U.S. 128, 137-39 (1978)).  This test balances "the

nature and quality of the intrusion" against "the countervailing governmental interests at stake."

*Id*. at 396 (internal quotations omitted).  Relevant factors include "the severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others, and whether

he is actively resisting arrest or attempting to evade arrest by flight." *Ibid*.  The record is assessed

"from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

hindsight." *Ibid*.  Given "the fact-specific nature of the inquiry on an excessive force claim,

5

granting summary judgment against a plaintiff . . . is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Lennox v. Miller*, 968 F.3d 150, 155 (2d Cir. 2020) (internal quotation marks omitted) (quoting *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015)).

### a. Breaking Window

No reasonable factfinder could conclude that Officer Proietti acted in an objectively unreasonable manner when he broke the driver's side window of the car that Ottley occupied. When Officer Proietti and Officer Martins approached, the car was positioned in the roadway, several vehicles from a traffic light, and the engine was running. But Ottley was unconscious and slumped over the steering wheel. Officers were thus faced with both an obvious traffic hazard and a potentially impaired driver. Nevertheless, the officers simply knocked on the window, attempting to rouse Ottley. Def.'s Statement ¶ 6; Proietti Video 00:35-00:45. Even as the car began to roll forward towards an intersection, Def.'s Statement ¶ 7; Proietti Video 00:35-00:43, Officer Priorietti did not initially break the window but instead shouted at Ottley to put the car into park. Def.'s Statement ¶¶ 7-8; Proietti Video 00:43-01:05. Only once the car was about to enter the intersection did Officer Proietti break the car window. Def.'s Statement ¶ 8; Proietti Video 01:05-01:08. A vehicle occupied by a potentially impaired driver rolling into an intersection poses "an immediate threat to the safety of . . . others." *Graham*, 490 U.S. at 396. No reasonable factfinder could find an officer's breaking a window in an attempt to stop that vehicle—after less intrusive measures failed—to be an excessive use of force. *Cf. Plumhoff v. Rickard*, 572 U.S. 765, 776-77 (2014) (holding that officers were entitled to summary judgment on excessive-force claim involving the use of deadly force when undisputed facts showed "outrageously reckless driving [that] posed a grave public safety risk"); *Scott v. Harris*, 550 U.S. 372, 381-86 (2007) (holding

6

that officer was entitled to summary judgment on excessive-force claim when undisputed facts showed "reckless, high-speed flight" in vehicle).

Even were the merits of Ottley's claim regarding the window-breaking less clear, Officer Proietti would be entitled to qualified immunity for that action. An officer is protected by qualified immunity unless his conduct violated "clearly established statutory or constitutional rights of which a reasonable person should have known." *Chamerlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020) (internal quotation marks omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (internal quotation marks omitted) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "Rights must be clearly established in a 'particularized' sense, rather than at a high level of generality; and such rights are only clearly established if a court can 'identify a case where an officer acting under similar circumstances' was held to have acted unconstitutionally." *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). Because "[u]se of excessive force is an area of the law in which the result depends very much on the facts of each case . . . officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (citation and internal quotation marks omitted). I have not been able to locate authority that would have placed Officer Proietti on notice that the Fourth Amendment forbade him from breaking a car window to stop a car occupied by a potentially impaired driver from rolling into an intersection. Under these circumstances, at minimum, Officer Proietti would be entitled to qualified immunity for that action.

### b. Pulling Ottley Out of the Car

Similarly, no reasonable jury could find that Officer Proietti used excessive force when he removed Ottley from the driver's seat of the car.  Based on the undisputed facts in Officer Proietti's Rule 56.1 statement and supporting materials, at the time of that action, Ottley had failed to heed repeated instructions to exit the car, *see* Def.'s Statement ¶¶ 5, 10, and was reaching for the e-brake in an apparent attempt to drive away, *id.* ¶ 11; Proietti Video 01:08-01:51.  In other words, Ottley "was repeatedly failing to comply with [officers'] instructions," *Freistat v. Gasperetti*, No. 17-CV-5870 (RPK) (LB), 2021 WL 4463218, at *5 (E.D.N.Y. Sept. 29, 2021), and "attempting to evade arrest by flight," *Graham*, 490 U.S. at 396.  No reasonable juror could find Officer Proietti acted unreasonably in removing from the driver's seat a potentially impaired person who had been unconscious moments earlier and appeared to be attempting to drive away.

Even were that not so, Officer Proietti would be entitled to qualified immunity for this extraction, because his actions did not violate "clearly established statutory or constitutional rights of which a reasonable person should have known." *Estate of Chamberlain,* 960 F.3d at 110 (internal quotation marks omitted) (quoting *Harlow*, 457 U.S. at 818).  That is, existing authority would not have placed Officer Proietti on notice that the Fourth Amendment forbade him from removing from a car a driver who was entering an intersection; had been unconscious moments earlier, signaling possible impairment; had ignored commands to exit the vehicle; and appeared to be attempting to flee.

Accordingly, Officer Proietti is entitled to summary judgment on this excessive-force claim.

8

### c. Alleged Post-Arrest Force

Finally, Officer Proietti is entitled to summary judgment on Ottley's claim that Officer Proietti assaulted Ottley when he was on the ground.  In his Rule 56.1 statement, Officer Proietti states that no officer assaulted Ottley in any way after he was on the ground.  *See* Def.'s Statement ¶¶ 12-14.  Where no force is used, of course, no excessive force exists.  *See, e.g.*, *Sherman v. Platosh*, No. 3:15-CV-352 (MPS), 2017 WL 969263, at *3 (D. Conn. Mar. 13, 2017) (citing *Pelt v. City of N.Y.*, No. 11-CV-5633 (KAM) (CLP), 2013 WL 4647500, at *14 (E.D.N.Y. Aug. 28, 2013)).  Because the account in Officer Proietti's Rule 56.1 statement has not been disputed in any countervailing Rule 56.1 statement or response, I treat it as admitted.  *See T.Y.*, 584 F.3d at 418.  Accordingly, Officer Proietti is entitled to summary judgment on any claim that he used excessive force by assaulting Ottley after he was removed from his car.

## II.    False Arrest

Officer Proietti is also entitled to summary judgment on any false-arrest claim contained in the complaint.  Officer Proietti interprets the complaint, "very liberally construed," to raise such a claim.  Def.'s Mem. of L. in Supp. of Mot. for Summary J. 3 (Dkt. #33).  Insofar as the complaint includes that claim, Officer Proietti is entitled to summary judgment on it.  Probable cause is a complete defense to a claim of false arrest under the Constitution, *see Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014), and New York law, *see Calastri v. Overlock*, 5 N.Y.S.3d 24, 26 (N.Y. App. 2015).  And a criminal conviction is "conclusive evidence" of probable cause, at least so long as the conviction remains in place.  *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *see Calastri*, 5 N.Y.S.3d at 26.  Ottley pleaded guilty to Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, *see* Cert. of Disposition, and he does not claim that the conviction has been set aside.  Accordingly, Ottley cannot press a claim for false arrest.

## CONCLUSION

Officer Proietti's motion for summary judgment is granted.   The Clerk of Court is respectfully directed to issue judgment in favor of Officer Proietti and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:  September 29, 2022
        Brooklyn, New York